CORRECTED DECISION
This Corrected Decision is issued to correct the tax year appealed. The correct tax year is 2007-08. The conclusion of the Decision remains unchanged.
Plaintiff appeals concerning certain real property assessments for the 2007-08 tax year. The property at issue is identified as Accounts 10279561 and 10984924.
A trial was held January 20, 2009. Bruce S. Klein appeared on his own belhalf. Jay Phillips, county appraiser, represented Defendant.
 I. STATEMENT OF FACTS
Prior to 2006, there was one larger subdivision tax lot of .27 acres, identified as Tax Lot 501. In 2006, Plaintiff undertook official actions to create two smaller tax lots from Tax Lot 501. As a result, Tax Lots 501 and 503 were newly designated.
The City of Talent Planning Department later applied certain set-back requirements. On November 14, 2006, Plaintiff was officially notified that:
 "The re-established common lot line will need to be subsequently adjusted to conform to required setbacks while maintaining a minimum lot width of 50 feet. This can be done either through a lot line adjustment or recordation of new legal description."
(Ptfs Ltr atll, Sep 8, 2008.) *Page 2 
As a result, the property could not be split along the original plat lines, resulting in a slight difference of 30 square feet.
On December 20, 2006, the City of Talent Department of Community Development and Planner John Adam made several findings, including:
1. "Th(is) proposal is for a lot line adjustment between two lots under single ownership."
2. "The proposed lot line adjustment reconfigures existing lots. It does not create any new tax lots."
3. "All applicable lot standards are met, except the size of `Lot 100,' which is already non-conforming (5,500 sq. ft.), will be further reduced by 30 square feet.
4. "Upon * * * approval * * *, [Plaintiff] shall record the lot line adjustment with Jackson County within 60 days of approval."
(Id at 12-13. (Emphasis added.))
Plaintiffs request for the official action was approved by the City Planner on December 20, 2006. The deeds with the property line adjustments were signed in 2006 and recorded on January 26, 2007.
 II. ISSUE PRESENTED
Did a partition of land occur when Plaintiff made a lot line adjustment during calendar year 2006 that was recorded in 2007?
 III. ANALYSIS
Property that is partitioned or subdivided under certain circumstances may trigger the exception to the general rule for calculating maximum assessed value. ORS 308.146(3)(b).[1] *Page 3 
ORS 308.156(1) is a key provision of law in this case. It provides, in relevant part, that:
 "If property is subdivided or partitioned after January 1 of the preceding assessment year and on or before January 1 of the current assessment year, then the property's maximum assessed value shall be established as provided under this section."
ORS 308.156(1)
Defendant claims that the actions by Plaintiff constituted a partition of the larger lot. The definition of partition must be considered within the context of other provisions of ORS 308.146. The court has earlier viewed partitions within the plain meaning of the word and dictionary definitions. See Schug v. Lincoln County Assessor, TC-MD No 000215D, WL 33244301 (Oct 23, 2000). "Partition" is defined as "to divide into parts or shares." Webster's Third Int'l Dictionary 1647 (unabridged ed 2002.)
First, the final lot line adjustment was not recorded until January 26, 2007. That would place the change effective for the 2008-09 tax year. The official City of Talent approval was received with only a few days left in calendar year 2006; it was not effective for that earlier period.
More importantly, the court finds that Plaintiff's actions did not constitute an effective partition for either of these two tax years. The conveyances here created nearly similar aligned property, changing only minimal size at the request of the city. Before the transaction, there were two tax lots. At the end of the 2006 calendar year, there were still but two tax lots, albeit with different designations. There was a very miniscule difference in total size. This was clearly not a partition, within the plain meaning of that word, that occurred. The City's official approval of the lot line adjustment occurred within that same calendar year; it was recorded in a subsequent tax year. The mandates of ORS308.156(1) are met. *Page 4 
ORS 308.159 thereafter limits the total maximum assessed value with such lot line adjustments. It provides:
 "If a lot line adjustment is made with respect to property, the maximum assessed value of all property may be adjusted to reflect the lot line adjustment, but the total maximum assessed value of the property affected by the lot line adjustment may not exceed the total maximum assessed value of the affected property determined under ORS 308.146, or, if applicable, under ORS 308.153 or 308.156."
Given the circumstances and timing of the events, Defendant improperly added 2007-08 exception value to both Tax Lot 501 and Tax Lot 503. ORS308.146(3)(b) and 308.156(5). The limitation of ORS 308.159 is applicable to this case.
 IV. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is granted.
Dated this ___ day of August 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on August21, 2009. The Court filed and entered this document on August 21, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1